**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| EDWIN E. DILONE,<br>    Appellant, | DOCKET NUMBER<br>DC-3330-17-0702-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>    Agency. | DATE: March 29, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Edwin E. Dilone, Eagle Point, Oregon, pro se.

Amanda E. Shaw, Esquire, Roanoke, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1   The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA) and dismissed his employment practices claim for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2   As further detailed in the initial decision, the agency posted vacancy announcement VHA-658-17-RG-1941474-BU, a hybrid title 38 Social Worker position, to be filled at either the GS-9 or GS-11 level. Initial Appeal File (IAF), Tab 8 at 35-40, Tab 15, Initial Decision (ID) at 2; *see generally Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 245, ¶¶ 10-12 (2010) (discussing hybrid title 38 positions). Among other things, the announcement explained that the GS-9 level was for social workers with less than 1 year of experience and social workers who were not yet licensed or certified at the independent practice level. IAF, Tab 8 at 37. The higher GS-11 level required a minimum of 1 year of experience and "licensure or certification in a state at the independent practice level." *Id*.

¶3    After the appellant and numerous others applied, the agency sorted applicants into three groups.  The first contained applicants who met the minimum requirements to be a GS-11 Social Worker.  *Id*. at 25-28.  The second contained applicants who met the minimum requirements to be a GS-9 Social Worker and had veterans' preference.  *Id*. at 29-31.  The third contained applicants who met the minimum requirements to be a GS-9 Social Worker and were also Federal employees.  *Id*. at 32-34.  The appellant's application was included in the second group, for individuals qualified to be a GS-9 Social Worker with veterans' preference.  *Id*. at 30.  The selecting official chose a candidate from the group of applicants who met the minimum requirements to be a GS-11 Social Worker.  *Id*. at 24-25, 27.

¶4    The appellant filed a veterans' preference complaint with the Department of Labor (DOL) concerning his nonselection.  IAF, Tab 4 at 31.  Once DOL closed the matter, this appeal followed.  IAF, Tab 1.  Based on the appellant's allegations, the administrative judge afforded him an opportunity to meet his jurisdictional burden as both a VEOA claim, IAF, Tab 3, and an employment practices claim, IAF, Tab 12.  Without holding the requested hearing, the administrative judge found that the Board had jurisdiction over the appellant's VEOA claim but denied his request for corrective action.  ID at 4-7.  She dismissed the employment practices claim for lack of jurisdiction.  ID at 7-9.  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 3.

¶5    The Board has jurisdiction over two types of VEOA claims:  (1) the denial of a right to compete; and (2) the violation of a statute or regulation relating to veterans' preference.  *See* 5 U.S.C. § 3330a(a)(1)(A) (veterans' preference claims); 5 U.S.C. §§ 3330a(a)(1)(B), 3304(f)(1) (right-to-compete claims); *see generally Piirainen v. Department of the Army*, 122 M.S.P.R. 194, ¶ 8 (2015).  To establish Board jurisdiction over a right-to-compete VEOA claim, the appellant must:  (1) show that he exhausted his remedy with DOL; and (2) make

nonfrivolous allegations that (i) he is a veteran within the meaning of 5 U.S.C. § 3304(f)(1); (ii) the actions at issue took place on or after the December 10, 2004 enactment date of the Veterans' Benefits Improvement Act of 2004; and (iii) the agency denied him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce in violation of 5 U.S.C. § 3304(f)(1).  *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010).

¶6        To establish Board jurisdiction over a veterans' preference VEOA claim, the appellant must:  (1) show that he exhausted his remedy with DOL; and (2) make nonfrivolous allegations that (i) he is a preference eligible within the meaning of VEOA; (ii) the action at issue took place on or after the October 30, 1998 enactment date of VEOA; and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference.  *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 6 (2014), *aff'd*, 818 F.3d 1361 (Fed. Cir. 2016).  To prevail on the merits of either type of VEOA claim, the appellant must prove the jurisdictional elements by preponderant evidence.  *See Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶ 19 (2010); *Isabella v. Department of State*, 106 M.S.P.R. 333, ¶¶ 21-22 (2007), *aff'd on recons.*, 109 M.S.P.R. 453 (2008).

¶7        Although the appellant repeatedly has referenced VEOA's right-to-compete provisions, below and on review, it appears that the corresponding arguments are based on a misunderstanding of the law.  IAF, Tab 4 at 4-5; PFR File, Tab 1 at 4-6.  In a right-to-compete VEOA appeal under 5 U.S.C. § 3304(f)(1), the Board does not determine whether a preference eligible is qualified, or whether he should have been selected, but rather, the Board only assesses whether the preference eligible was permitted to compete for the position on the same basis as other candidates.  *Harellson v. U.S. Postal Service*, 113 M.S.P.R. 534, ¶ 11 (2010).  The administrative judge found that there was undisputed evidence showing that the appellant had the opportunity to compete for the Social Worker

position, ID at 6, and we agree. The agency accepted his application and properly included him on its list of applicants qualified for the position at the GS-9 level with veterans' preference. *Compare* IAF, Tab 4 at 14 (appellant's application, with responses concerning his qualifications), *with* IAF, Tab 8 at 29-30 (appellant's inclusion on the list of applicants qualified at the GS-9 level with veterans' preference), 37 (vacancy announcement's explanation of the differing qualifications required for the GS-9 level and the GS-11 level). While the appellant disputes the agency's selecting someone qualified for the GS-11 level, he has failed to prove or even nonfrivolously allege that he was denied the right to compete.

¶8    The appellant's veterans' preference claim is also unavailing. As stated above, the agency properly determined that the appellant was qualified for the GS-9 level and included him on the corresponding certificate of applicants with veterans' preference. IAF, Tab 8 at 8, 29-30. However, the agency ultimately selected an applicant from the certificate of candidates qualified for the GS-11 level, none of which were preference eligible. *Id.* at 8, 24-28.

¶9    On review, the appellant suggests that the agency failed to select him because he lacked a qualification that was not listed on the vacancy announcement, PFR File, Tab 1 at 5, but the announcement reflects otherwise. The vacancy announcement clearly states that, to be qualified at the higher GS-11 level, an applicant must possess "a minimum of 1 year of post-MSW degree experience in the field of health care social work (VA or non-VA experience) and licensure or certification in a state at the independent practice level." IAF, Tab 8 at 37. The appellant acknowledged that he lacked those qualifications on his application. IAF, Tab 4 at 14.

¶10   The appellant also suggests that the agency violated his veterans' preference rights by selecting a nonveteran qualified at the GS-11 level over him, a preference-eligible veteran qualified at the GS-9 level. PFR File, Tab 1 at 5-8 (citing 5 C.F.R. §§ 302.104, 302.304, 302.401). But again, the appellant appears

to misunderstand the applicable provisions of law and regulation.  *See generally Abell v. Department of the Navy*, 343 F.3d 1378, 1384 (Fed. Cir. 2003) (recognizing that an agency "is not required to hire a preference-eligible veteran if . . . it does not believe that the candidate is qualified or possesses the necessary experience").  The Board considered a similar scenario in *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646 (2006).  In *Dale*, an agency advertised a position at both the GS-4 and GS-5 levels.  *Id*., ¶ 11.  The appellant in *Dale* was qualified at the GS-4 level, but not the GS-5 level.  *Id*.  Therefore, his name was properly ranked and forwarded with other qualified GS-4 applicants.  *Id*.  However, the selecting official hired an applicant from the list of applicants qualified at the GS-5 level, without even looking at the list of GS-4 applicants, based on her feelings about the experience needed to fill the role.  *Id*., ¶ 13.  The Board found that this did not violate any veterans' preference statute or regulation.  *Id*.  We reach the same conclusion here.  While the appellant would have us find that the agency was required to select a preference-eligible applicant qualified as a GS-9 over a nonveteran applicant qualified as a GS-11, he has failed to identify any law, rule, or regulation requiring the same.  Therefore, we agree with the administrative judge's decision, denying his request for corrective action under VEOA.  ID at 6-7.

¶11    In his petition for review, the appellant does not clearly reassert his employment practices claim.  Nevertheless, we have reviewed the matter and agree with the administrative judge's conclusion that the appellant cannot establish jurisdiction over his claim.  ID at 7-9.  The position at issue is in the excepted service, not the competitive service.  *Compare* IAF, Tab 8 at 35 (recognizing that the Social Worker position the appellant applied for was in the excepted service), *with* 5 C.F.R. §§ 300.101-300.104 (providing Board appeal rights concerning employment practices within the competitive service); *McKnight v. Department of Defense*, 103 M.S.P.R. 255, ¶¶ 9-10 (2006)

(recognizing that employment practice appeals are limited to competitive-service positions), *aff'd per curiam*, 227 F. App'x 913 (Fed. Cir. 2007).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:  _____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.